# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6679 | **DATE** | 11/29/2004 |
| **CASE TITLE** | BCBS vs. American Express Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants plaintiff's motion to amend the judgment (57-2). The Clerk is directed to amend an amended judgment stating as follows: Nunc pro tunc 5/23/2000, the stipulated motion for dismissal with prejudice, pursuant to FRCP 41(a)(1), and with each party bearing its own costs and attorney's fees is granted. The parties are directed to comply with terms of the settlement agreement, which is hereby incorporated into the judgment. The Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 66 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BLUE CROSS AND BLUE SHIELD )
ASSOCIATION, )
 )
        Plaintiff, )
 )
vs. ) Case No. 99 C 6679
 )
AMERICAN EXPRESS COMPANY, )
 )
        Defendant. )

DOCKETED
NOV 3 0 2004

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 1999, the Blue Cross and Blue Shield Association sued American Express Company, seeking an injunction barring American Express from using and promoting a credit card called "Blue" on the ground that this infringed various service marks held by Blue Cross. The action was based primarily on the Lanham Act, though diversity of citizenship also existed.

In November 1999, the Court denied Blue Cross' motion for a preliminary injunction, finding that Blue Cross had failed to establish the requisite likelihood of success on the merits. *Blue Cross and Blue Shield Ass'n v. American Express Co.*, No. 99 C 6679, 1999 WL 1044825 (N.D. Ill. Nov. 16, 1999). Blue Cross appealed the Court's ruling. Several months later, the parties settled the case pursuant to a written settlement agreement in which, among other things, American Express agreed to various restrictions on its use of the term "Blue."

Paragraph one of the settlement agreement provided that

> [w]ithin five days after the Effective Date [of the agreement], the Association will file a dismissal, with prejudice, of the Litigation and will dismiss the appeal

60

> pending in the Litigation. *The parties agree that the District Court will retain jurisdiction to enforce this Agreement in the event of an allegation of its breach.*
> ...

Motion for Reconsideration (etc.), Ex. A ¶ 1 (emphasis added). The Court was advised of this term of the agreement and entered an order which stated as follows:

> Stipulated motion for dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1), and with each party bearing its own costs and attorney's fees is granted. *This Court shall retain jurisdiction over this matter for purposes of enforcing the terms of the settlement agreement.*

*Id.*, Ex. B (Order of May 23, 2000) (emphasis added).

In September 2004, Blue Cross filed a motion seeking to enforce the settlement agreement, alleging that American Express was violating the agreement by marketing a new credit card bearing the word "Blue" on its face. American Express objected, arguing that the Court lacked jurisdiction to enforce the settlement agreement as part of this case and that if it wished to enforce the agreement, Blue Cross had to file a separate lawsuit. The Court agreed in an oral ruling made on November 3, 2004. The Court acknowledged that the Supreme Court, in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), appeared to hold that language of the type included in the dismissal order in this case was sufficient to permit a district court to retain jurisdiction following a dismissal to enforce a settlement agreement. But the Court, relying on several recent decisions by the Seventh Circuit, including *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002), concluded that the Seventh Circuit requires more than "retaining jurisdiction" language in order to permit continuing jurisdiction after dismissal to enforce a settlement. The Court therefore denied Blue Cross' motion to enforce the settlement agreement, leaving it to Blue Cross to file a separate lawsuit.

Blue Cross then moved to reconsider, arguing that this Court was required to follow *Kokkonen*. The Court orally denied this motion on the day it was presented. But Blue Cross' motion included an alternative request, made under Federal Rule of Civil Procedure 60(a) – that the Court amend the May 2000 dismissal order to conform to the parties' intention, including whatever language was necessary to allow the Court properly to retain jurisdiction to enforce the settlement agreement. For the reasons stated below, the Court grants Blue Cross' Rule 60(a) motion.

## Discussion

Rule 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." Fed. R. Civ. P. 60(a). Not all errors in judgments can be corrected under Rule 60(a). "If the flaw lies in the translation of the original meaning of the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *United States v. Griffin*, 782 F.2d 1393, 1396-97 (7th Cir. 1986).

It is beyond question that a court may retain jurisdiction to enforce a settlement following dismissal, so long as the dismissal includes the proper language. *Kokkonen* makes this clear:

> If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach

3

> conditions to the parties' stipulation of dismissal) we think the court is authorized
> to embody the settlement contract in its dismissal order (or, what has the same
> effect, retain jurisdiction over the settlement contract) if the parties agree.

*Kokkonen*, 511 U.S. at 381-82. The Seventh Circuit likewise has stated that by incorporating a settlement agreement into a dismissal order, the district court may properly retain jurisdiction to enforce the agreement's terms. *See Abbott Laboratories v. CVS Pharmacy, Inc.*, 290 F.3d 854, 857 (7th Cir. 2002).

In this case, it is undisputed that both Blue Cross and American Express intended for this Court to retain jurisdiction to enforce their settlement agreement. Their agreement in this regard was clear and unambiguous: "[t]he parties agree that the District Court will retain jurisdiction to enforce this Agreement in the event of an allegation of its breach." Motion for Reconsideration (etc)., Ex. A ¶ 1.

The Court, however, did not properly translate the parties' intention when it entered the dismissal order. As the Court noted in its oral ruling denying the motion to enforce the settlement, we relied on *Kokkonen*, believing that it was sufficient simply to include language retaining jurisdiction. But as the Court later ruled, subsequent developments have revealed that our belief was incorrect.

The Court finds that this is an error that may be corrected under Rule 60(a). That Rule does not permit "'changes that alter the original meaning to correct a legal or factual error,'" but it authorizes "'changes that implement the result intended by the court at the time the order was entered.'" *Kokomo Tube Co. v. Dayton Equipment Servs. Co.*, 123 F.3d 616, 623 (7th Cir. 1997) (quoting *Wesco Prods. Co. v. Alloy Automotive Co.*, 880 F.12d 981, 984 (7th Cir. 1989)). The amendment of the May 2000 dismissal order requested by Blue Cross falls into the latter

4

category. Blue Cross simply wants to fix the dismissal order so that it provides what both parties and the Court intended at the time: retention by this Court of jurisdiction to enforce the settlement agreement.

There is, as the Court has pointed out to Blue Cross, some risk that the Seventh Circuit will not see it the same way as this Court does if there is ultimately an appeal. If so, all of Blue Cross' efforts will be for naught, as jurisdiction will be found lacking, and Blue Cross will be forced to go back to square one. But Blue Cross is entitled to bear that risk if it so chooses. The relief it seeks is appropriate under Rule 60(a), and accordingly, the Court grants the motion to amend the judgment.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion to amend the judgment [docket # 57-2]. The Clerk is directed to enter an amended judgment stating as follows:

> *Nunc pro tunc* May 23, 2000, the stipulated motion for dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1), and with each party bearing its own costs and attorney's fees is granted. The parties are directed to comply with the terms of the settlement agreement, which is hereby incorporated into the judgment. The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of the settlement agreement.

MATTHEW F. KENNELLY
United States District Judge

Date: November 25, 2004